B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Susanna R. Kelham | **DEFENDANTS**<br>Ronald Nicholsen II |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Rebekah Parker, 4225-H Oceanside Blvd. #369, Oceanside CA, 92056-3472. (213) 268-2918 | **ATTORNEYS** (If Known)<br>Carson Heninger, 101 Second Street, #2200, San Francisco, CA 94105 (415).655.1300 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ■ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>■ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for Declaratory Relief (11 U.S.C. §362 and for Compensatory and Punitive Damages); or in the Alternative, Injunctive Relief (11 U.SC. §105)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
■ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
■ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP23
☐ Check if a jury trial is demanded in complaint | Demand $

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||| 
|---|---|---|
| NAME OF DEBTOR<br>In re Kelahm Vineyard & Winery | BANKRUPTCY CASE NO.<br>23-10384-WL ||
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of California | DIVISION OFFICE<br>Santa Rosa | NAME OF JUDGE<br>W. Lafferty |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* |||
| DATE<br>September 10, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Rebekah Parker ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**REBEKAH PARKER SBN 143674**
4225-H Oceanside Boulevard #369
Oceanside CA, 92056-3472
Telephone No. (213) 268-2918
E-Mail: AttorneyRParker@gmail.com

Appearing for Susanna Kelham, in her Individual capacity,
and for the Unofficial Committee of Essential Creditors
and Post-Petitions Providers

**United States Bankruptcy Court**
**Northern District of California – Santa Rosa Division**

| | |
|---|---|
| In re Kelham Vineyard & Winery, LLC<br><br>Debtors. | Case No. 23-10384-WL<br><br>Chapter 11<br><br>Adv. No |
| Susanna R. Kelham, in her Individual Capacity as Managing Member of Kelham Vineyard & Winery, LLC<br><br>Plaintiff,<br><br>v.<br><br>Ronald Nicholsen II, in his Individual Capacity as Petitioner in State Court Action No. 21CV001403<br><br>Defendant. | **Complaint for**<br><br>1. **Declaratory Relief that Ronald Nicholsen is Stayed by 11 U.S.C. §362(a) from Prosecuting State Court Acton 21CV001403 against Susanna R. Kelham; and for Compensatory and Punitive Damages Under 11 U.S.C. §362(d) for Intentional Violation of the Automatic Stay; or in the Alternative,**<br><br>2. **Injunctive Relief Staying Ronald Nicholsen from Prosecuting State Court Case No. 21CV001403 Against Susanna R. Kelham Pending the Liquidation of this Estate.**<br><br>[HEARING TO BE SET ] |

**TO THE HONORABLE WILLIAM LAFFERTY, UNITED STATES BANKRUPTCY JUDGE, CREDITOR RONALD NICHOLSEN, II, AND HIS ATTORNEYS OF RECORD:**

Plaintiff Susanna R. Kelham (herein "Ms. Kelham" or "Plaintiff"), in her individual capacity and capacity as Managing Member of the Kelham Vineyard & Winery, (herein,"KVW" or "Debtor") alleges as follows,

## INTRODUCTION

1. This adversary proceeding seeks relief in the alternative either (a) a declaration that that Ronald Nicholsen is stayed by 11 U.S.C. §362(a) from Prosecuting State Court Action 21CV001403 against Ms. Kelham, along with an award of compensatory and punitive damages under 11 U.S.C. §362(d) for Ronald Nicholsen's intentional violation of the automatic stay; or in the alternative, (b) an injunction staying Ronald Nicholsen from prosecuting State Court Case No. 21CV001403 against KVW and Ms. Kelham pending the liquidation of the above captioned Estate.

2. State Court Case No. 21CV001403 is a lawsuit pending in the Napa Superior Court filed by Ronald Nicholsen against KVW and Ms. Kelham seeking production of various corporate records pursuant to California Corporations Code §§17704.10 and 17704.13 (herein, the "Writ Action"). A copy of the Petition in the Writ Action is hereto as Exhibit 1.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

4. This adversary proceeding constitutes a core proceeding within the meaning of one or more subsections of 28 U.S.C. § 157(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409, because KVW's principal place of business is in Napa County and because both Plaintiff Susanna R. Kelham and Defendant Ronald Nicholsen, reside in Napa County.

## THE PARTIES

6. Plaintiff, Susanna R. Kelham (herein "Plaintiff" or "Ms. Kelham"), is the Managing Member of KVW and a named defendant in the Writ Action.

7. Defendant, Ronald Nicholsen II (herein, "Defendant Nicholsen") is Ms. Kelham's oldest adult son, who holds a minority interest in KVW, an interest gifted to him by his mother Ms. Kelham. Defendant Nicholsen is the Petitioner in the Writ Action.

## GENERAL ALLEGATIONS

8. The above captioned bankruptcy was commenced as an involuntary proceeding filed on July 20, 2023, with an Order for Relief entered on August 16, 2023.

9. At the time of the filing of this involuntary, the Writ Action was pending in the Napa County Superior Court.

10. The Writ Action's stated purpose is found at paragraph 23 of the Petition, which provides that Ronald Nicholsen "desires to obtain statutory documents and to review, inspect, and copy the books of records of [KVW] for reasons related to his interest as a member of Kelham Vineyards, including without limitation, to evaluate the current value of [KVW] and its assets, [KVW]'s assets and liability, and the corresponding value of his membership interest; to evaluate the propriety…".

11. Unfortunately, the Writ Action has degenerated into an unchecked fishing expedition being used by Ronald Nicholsen as a vehicle to extort or leverage an inflated settlement from KVW in connection with the once proposed buyout of his minority interest.

12. The stated purpose of the Writ Action has been rendered moot by the appointment of a Chapter 11 Trustee and pending liquidation of KVW; specifically, both KVW's assets and liabilities are in the process of being liquidated, with the corresponding value of Ronald Nicholsen's interest in KVW to be determined by the distribution priority scheme of 11 U.S.C. §726.

13. Defendant Nicholsen and his Attorneys at Greenberg, Traurig, LLC (herein, the "Greenberg Law Firm"), along with the Napa County Superior Court were put on notice of the commencement of the involuntary and the resulting stay of 11 U.S.C. §362.

14. In recognition that the stay was in place, on July 31, 2023, before the Order for Relief had been entered, Defendant Nicholsen through the Greenberg Law Firm filed a Motion for Relief from Stay, setting a hearing for August 16, 2023. A copy of the Motion for Relief from Stay is attached hereto as Exhibit 2.

15. Plaintiff is informed and believes that, notwithstanding their recognition that a stay was in place, sometime shortly after the filing of their Motion for Relief from Stay, in a knowing, willful, and intentional violation of the automatic stay, Defendant Nicholsen through the Greenberg Law Firm contacted the Napa Superior Court and requested and obtained a continued hearing in their further prosecution of the Writ Action noticed for August 17, 2023.

16. Plaintiff is informed and believes that Defendant Nicholsen through the Greenberg Law Firm convinced the Napa Superior Court to set a continued hearing on the Writ Action based on a false representation to the Superior Court, that the stay would be lifted by August 17, 2023.

17. Plaintiff is informed and believes that the misrepresentation that the stay would be lifted by August 17, 2023, was made by Defendant Nicholsen through the Greenberg Law Firm knowingly, willfully, and maliciously, for the purposes of unlawfully continuing the prosecution of the Writ Action in violation of the automatic stay.

18. Plaintiff is informed and believes that the misrepresentation that the stay would be lifted by August 17, 2023, was made by Defendant Nicholsen through the Greenberg Law Firm knowingly, willfully, and maliciously, for the purposes of harassing KVW and Ms. Kelham.

19. Defendant Nicholson's Motion for Relief from Stay, among other things, sought a determination that the stay did not extend to Ms. Kelham in the Writ Action, putting the matter "at-issue" in a 'contested proceeding' pending before the Bankruptcy Court.

20. Defendant Nicholson's Motion for Relief from Stay raises the issue of whether the stay extended to or protected Ms. Kelham at page 9, Paragraph E of its motion, captioned "The California state action is not stayed as to Susanna Kelham". A copy of the Motion for Relief from Stay attached hereto as Exhibit 2.

21. Opposition to the Motion for Relief from Stay was filed by interested party and unsecured creditor Main Street Cottage, LLC, who provided responsive briefing at page 13, paragraph III. F. on the issue of whether the stay extended to or protected Ms. Kelham.  A copy of the Opposition to Motion for Relief from Stay is attached hereto as Exhibit 3.

22. Finally, Defendant Nicholsen filed a Reply, which again addressed and briefed the issue of whether the stay extended to Ms. Kelham; specifically, the issues is raised at page 13, Section IV, captioned "The Automatic Stay Does Not – And Should Not – Apply to Susanna Kelham." A copy of the Reply to Opposition to Motion for Relief from Stay is attached hereto as Exhibit 4.

23. After hearing oral argument on August 16, 2023, the Bankruptcy Court continued its hearing on Defendant Nicholson's Motion for Relief from Stay to September 5, 2023, without making any final findings or issuing any orders.

24. Plaintiff is informed and believes that the following day, at a hearing that itself was unlawfully scheduled in violation of the automatic stay, rather than simply advising the Napa County Superior Court that the Bankruptcy Court had continued their Motion for Relief Stay, Nicholsen through the Greenberg Law Firm sought to continue or further prosecute the Writ Action by falsely representing to the Napa County Superior Court that the Bankruptcy Court had issued a ruling deferring the issue of whether the stay applied to Ms. Kelham to the Napa County Superior Court, for the Napa Superior Court's adjudication.

25. Plaintiff is informed and believes that, while the Bankruptcy Court may have postured that the stay probably did not extend to Ms. Kelham, the Bankruptcy Court never made any actual finding or ruling on this issue, therein noting that its comments on this issue were "… *just an aside*".

///

///

///

26. Plaintiff is informed and believes that Defendant Nicholsen through the Greenberg Law Firm misrepresented to the Napa County Superior Court that the Bankruptcy Court had made an actual finding or ruling that the issue of whether the stay extended to Ms. Kelham was an issue to be decided by the Napa County Superior Court, prompting the Napa County Superior Court to issue an OSC and request briefing on the application of the automatic stay.

27. Plaintiff is informed and believes that to the extent Defendant Nicholsen had placed the issue of the application of the automatic stay before the Bankruptcy Court though its Motion for Relief from Stay and to the extent the Bankruptcy Court had not yet issued a final ruling on this issue, Defendant Nicholson's attempts to proceed with the prosecution of the Writ Action before Bankruptcy Court actually issued a ruling constitutes a knowing, willfull, and malicious violation of the automatic stay intended to harasses both KVW and Ms. Kelham.

**FIRST CLAIM FOR RELIEF**
**(Section 362 Declaratory Relief & Request for Damages)**

28. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-27 of this Complaint as if fully set forth herein.

29. Through his continued prosecution of the Writ Action, Defendant Nicholsen seeks continued discovery from Debtor pursuant California Corporations Code §§17704.10 and 17704.13, as well as, an award of attorney fees against Debtor pursuant to Corporations Code §§17704.10(g).

30. While Ms. Kelham is a named defendant in the Writ Action, Ms. Kelham is not the real party in interest in the Writ Action; KVW or Debtor herein is the real party-in-interest.

31. While California Corporations Code §§17704.10 and 17704.13 bestows rights on corporate members or shareholders and provide a remedy where a corporate entity does not honor those rights, these statutory rights and remedies exist strictly as to the corporate entity (i.e., KVW or Debtor).

32. As such, while not clear on the face of the pleading itself, Ms. Kelham is named in the Writ Action in her representative capacity as KVW's Managing Member.

33. The Writ Action is void of any claim or cause of action against Ms. Kelham personally beyond her duties to respond on behalf KVW or Debtor in her capacity as KVW's Managing Member pursuant California Corporations Code §§17704.10 and 17704.13,

34. While that Napa County Superior Court has issued orders directing Ms. Kelham to produce documents and pay attorney fees, said orders make it clear that, while Ms. Kelham was being ordered to personally execute an action, the action was being executed on behalf of KVW. This is illustrated by a Napa County Superior Court order entered on May 10, 2023, captioned "Order Following Continued Second Order to Show Cause Held on April 17, 2023" where Ms. Kelham was ordered to "personally" pay an attorney fee award on behalf KVW or Debtors. A copy of the May 10, 2023, Order is attached hereto as Exhibit 5.

35. Based on the foregoing, Plaintiff seeks a declaration that (without the need for further extension under either §§362 or 105) the automatic stay of §362 bars or enjoins Defendant Nicholsen and the Firm of Greenberg from further prosecuting or taking any action in the Writ Action against either Debtor (KVW) or Ms. Kelham.

///

36. Moreover, Plaintiff seeks compensatory damages against Defendant Nicholsen in sum reflecting the cost to the Estate and all Interested Parties of dealing with the effect and consequences of Defendant Nicholsen's violation of the automatic stay and punitive damages in an amount to make an impression on Defendant Nicholsen and the Greenberg Firm that the stay must be taken seriously and that this Court's comments or rulings should not be misrepresented to other tribunals in an effort to procure a litigation advantage.

**SECOND CLAIM FOR RELIEF**
**(Section 105 Injunctive Relief)**

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-36 of this Complaint as if fully set forth herein.

38. Plaintiff seeks an injunction enjoining the continued prosecution of the Writ Action against the KVW and Ms. Kelham under section 105 of the Bankruptcy Code until such time as the duly appointed Chapter 11 Trustee in this case has fully liquidated this Estate's assets

39. Section 105 of the Bankruptcy Code authorizes the Court to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

40. Relief under section 105 of the Bankruptcy Code is particularly appropriate in a Chapter 11 case when necessary to protect an Estate's ability to effectively reorganize or confirm a plan, particularly when said efforts (here in the form of an orderly liquidation) are designed to protect and preserve the assets of this Estate from diminishing in value.

41. For the reasons stated herein, injunctive relief should be granted herein under section 105 of the Bankruptcy Code to enjoin the continuation or prosecution of the Writ Action.

A. The likelihood of the Estate's success on the merits is a foregone conclusion, especially given the recent appointment of Chapter 11 Trustee to liquidate this Estate's assets and liabilities (i.e., KVW's stated Chapter 11 Objective); with that said, the Unofficial Committee of Essential Creditors and Post-Petition Providers has also prepared and is ready to file is Disclosure Statement Describing Plan of Liquidation, and Liquidating Plan thereon, as soon as permitted to do so by the provisions of 11 U.S.C. §1126 governing "exclusivity", which provides prima facia evidence that it is highly probable (almost certain) that the bankruptcy estate will achieve its goal of liquidating KVW's assets.

B. The bankruptcy estate will suffer irreparable harm in the absence of an injunction staying the prosecution of the Writ Action against KVW and Ms. Kelham in several ways (a) the continued prosecution the Writ Action will divert KVW and Ms. Kelham's limited resources and time from the orderly liquidation of this Estate; (b) the continued prosecution of the Writ Action against Ms. Kelham will require that KVW (Debtor – now in the person of a Chapter 11 Trustee) as an entity to provide responses to Defendant Nicholsen's endless discovery requests; (c) the continued prosecution of the Writ Action will implicate KVW because Ms. Kelham is entitled to indemnification from KVW (the Estate) of any costs she may incur in connection with executing her responsibilities as the Managing Member of KVW pursuant KVW's Operating Agreement. A copy of the Operating Agreement is attached hereto as Exhibit 6; and,

(d), due the fact that KVW is the real party in interest in the Writ Action, any finding or judgment against Ms. Kelham may have preclusive effect.

C. In contrast, the imposition of total stay on the Writ Action will have absolutely no prejudicial effect on Defendant Nicholsen. To the contrary, the imposition of the modest stay requested herein, to last for the duration of the liquidation of this estate, actually benefits Defendant Nicholsen; specifically, the Writ Acton was filed for the purpose of obtaining documents to evaluate the current value of KVW assets and liabilities; the modest stay requested herein will aid the duly appointed Chapter 11 Trustee, with Ms. Kelham's assistance, to liquidate KVW's assets and thereon furnish Defendant Nicholsen with actual rather than speculative information regarding the value of KVW's assets; and,

D. The imposition of a limited injunction serves the public policy interest of maximizing the liquidation value of this Estate's assets by ensuring that the duly appointed Chapter 11 Trustee has access to Ms. Kelham's time (and resources), all necessary to keep KVW operational during this Estate's liquidation, thereon maximizing the Estate's value for the benefit of all creditors and equity holders, including Defendant Nicholsen himself.

42. Based on the foregoing, injunctive relief should be granted herein under section 105 of the Bankruptcy Code to enjoin the continuation or prosecution of the Writ Action pending the duly appointed Chapter 11 Trustee's liquidation of this Estate's assets.

///

///

///

WHEREFORE, Plaintiff prays for judgment against the Ronald NIcholsen and request the following relief,

    A.  A declaration that that Ronald Nicholsen is stayed by 11 U.S.C. §362(a) from Prosecuting State Court Acton 21CV001403 against Susanna R. Kelham, along with an award of compensatory and punitive damages under 11 U.S.C. §362(d) for Ronald Nicholsen's intentional violation of the automatic stay; or, in the alternative,

    B.  An injunction staying Ronald Nicholsen from prosecuting State Court Case No. 21CV001403 pending the liquidation of the above captioned Estate against either KVW or Ms. Kelham.

    C.  Such other relief as this Court deems just and proper under the circumstances.

Date: September 10, 2023

_____
Rebekah Parker
Attorney for Plaintiff
Susanna R. Kelham

# CERTIFICATE OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 4225-H Oceanside Boulevard #369, Oceanside CA, 92056-3472

A true and correct copy of the foregoing document described as **COMPLAINT FOR 1. DECLARATORY RELIEF THAT RONALD NICHOLSEN IS STAYED BY 11 U.S.C. §362(A) FROM PROSECUTING STATE COURT ACTON 21CV001403 AGAINST SUSANNA R. KELHAM; AND FOR COMPENSATORY AND PUNITIVE DAMAGES UNDER 11 U.S.C. §362(D) FOR INTENTIONAL VIOLATION OF THE AUTOMATIC STAY; OR IN THE ALTERNATIVE, 2. INJUNCTIVE RELIEF STAYING RONALD NICHOLSEN FROM PROSECUTING STATE COURT CASE NO. 21CV001403 AGAINST SUSANNA R. KELHAM PENDING THE LIQUIDATION OF THIS ESTATE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR; and **(b)** in the manner indicated below:

William Lafferty
U.S. Bankruptcy Court,
1300 Clay St. Room 220
Oakland, CA 94612
<u>Served by Priority Mail</u>

**<u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 10, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

| | |
|---|---|
| U.S. Trustee | USTPRegion17.SF.ECF@usdoj.gov |
| Paul Leahy | paul.leahy@usdoj.gov |
| Ryan Wood | ryan@westcoastbk.com |
| Rebekah Parker | attorneyrparker@gmail.com |
| Harold H. Davis, Jr. | hal.davis@gtlaw.com |
| Michael F. Thomson | thomsonm@gtlaw.com |
| Carson Heninger | carson.heninger@gtlaw.com |
| Michael J. Gomez | mgomez@frandzel.com |
| Wesley H. Avery | wavery@rpmlaw.com |

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL:</u>** On September 10, 2023, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Ron Nicholsen
223 Alchemy Way
Napa, CA 94558
<u>Served by U.S. Mail</u>

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 10, 2023, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Susanna R. Kelham<br>Manager Member<br>Kelham Vineyard & Winery, LLC.<br>360 Zinfandel Lane<br>St. Helena, CA 94574<br>Served by Email:<br>info@kelhamvineyards.com. | Alexis White, Attorney for<br>Susanna R. Kelham<br>Day, Pace, York & York<br>587 Jefferson Street<br>Napa, CA 94559<br>Served by Email<br>awhite@yorkyorklaw.com |

Service information continued on attached page: None

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

September 10, 2023

_____
Rebekah Parker