# Exhibit 2 - MFRS

1  Harold H. Davis (SBN CA 235552)
   Marc R. Baluda (SBN CA 192516)
2  GREENBERG TAURIG, LLP
   101 Second Street, Suite 2200
3  San Francisco, California 94105-3668
   Telephone: 415.655.1300
4  Facsimile: 415.707.2010
   Hal.Davis@gtlaw.com
5  Marc.Baluda@gtlaw.com

6  Attorneys for Party in Interest
   RONALD NICHOLSEN II

7

8

9                    **UNITED STATES BANKRUPTCY COURT**

10                **NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA**

11

| In re Kelham Vineyards & Winery, LLC | Bankruptcy Case No.<br>23-10384 SR __ - Chapter 11<br>[Assigned to: Judge William Lafferty]<br><br>**PARTY IN INTEREST RONALD NICHOLSEN II'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Hearing:<br>DATE:   August 16, 2023<br>TIME:   9:30 a.m.<br>DEPT:   220 |
|---|---|

# Table of Contents

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................3

I.    INTRODUCTION .................................................................................................................3

II.   THE PARTIES.....................................................................................................................3

III.  JURISDICTION ..................................................................................................................4

IV.  FACTUAL BACKGROUND ...............................................................................................4

    A.    Ronald Nicholsen's Petition for Writ of Mandate ...................................................5

    B.    The California state court granted a Writ of Mandate compelling Kelham Vineyards' and Susanna Kelham's Compliance with the California Corporation Code ............................................................................................................................5

    C.    The California state court orders Kelham Vineyards and Susanna Kelham to pay sanctions and fees for their failure to comply with the Writ and on-going violations of California law ........................................................................................................6

    D.    The California state court set a trial to commence in 70 days ................................7

        1.    Discovery in the state action regarding the Purported Debt to Main Street LLC.....7

        2.    Hamilton Nicholsen's Deposition ................................................................8

    E.    The California state action is not stayed as to Susanna Kelham............................9

V.   LEGAL AUTHORITY .......................................................................................................10

    A.    Relief from the Stay will allow the California state court to proceed to final judgment and conserve judicial economy..............................................................11

    B.    The Other *Curtis* Factors Support Lifting the Stay................................................13

VI.  CONCLUSION..................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

In American Spectrum Realty, Inc.
    540 B.R. 730 (Bankr.C.D.Cal.2015) ................................................................................12

In re Curtis
    40 B.R. 795 (Bankr. D. Utah 1984) ............................................................................10, 11

In re Elmira Litho, Inc.
    174 B.R. 892 (Bankr. S.D.N.Y. 1994) .............................................................................10

In re Korean Western Presbyterian Church of Los Angeles
    618 B.R. 282 (Bankr.C.D.Cal. 2020) ...............................................................................12

In re Kronemyer
    405 B.R. 915 (9th Cir. 2009) ........................................................................................10, 11

In re Plumberex Specialty Products, Inc.
    311 B.R. 551 (Bankr. C.D. Cal. 2004) .........................................................................10, 11

In re Woodberry
    383 B.R. 373 (Bankr.D.S.C.2008) .....................................................................................4

MacDonald v. MacDonald (In re MacDonald)
    755 F.2d 715 (9th Cir. 1985) ...........................................................................................10

Ozai v. Tabuena (In re Ozai)
    34 B.R. 764 (9th Cir. BAP 1983) ....................................................................................10

**Statutes**

11 U.S.C. § 101 ..................................................................................................................1, 4

11 U.S.C. § 362 ..........................................................................................................4, 10, 11

11 U.S.C. Section 522 .....................................................................................................11, 13

28 U.S.C. § 157 ......................................................................................................................4

Cal. Code Civ. Proc. 1085 .....................................................................................................5

Cal. Corp. Code 17701.13 .....................................................................................................5

Cal. Corp. Code, §17704.10 ........................................................................................4, 5, 7, 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is an internecine family business dispute involving a request for books and records under the California Corporations Code. On the one hand we have a brother (Hamilton Nicholsen, who filed a Petition for Involuntary Bankruptcy on behalf of a purported creditor) and a mother (Susanna Kelham); on the other hand, is a second brother (Ronald Nicholsen). All three own the claimed debtor, Kelham Vineyards & Winery, LLC (the "Debtor"). Hamilton Nicholsen, on behalf of the creditor, filed this Petition for Involuntary Bankruptcy against his own company to stay a California state Petition for Writ of Mandate action filed by his brother and co-owner exercising his right to the Debtor's books and records. Specifically, after months of evading being deposed following the California state court--issued Writ of Mandate, the California state court compelled Hamilton Nicholsen's attendance at his deposition on July 24, 2023. On the eve of his deposition Hamilton Nicholsen caused this Petition for Involuntary Bankruptcy to be filed by his company, Main Street Cottage, LLC.

The involuntary bankruptcy petition is consistent with and in furtherance of Kelham Vineyards' and Susanna Kelham's ongoing effort to obstruct Ronald Nicholsen's statutory right to inspect the company's books and records, and the California state court's Writ of Mandate, as evidenced by fee and sanctions awards against Susanna Kelham (personally) totaling over more than $140,000 to date. A bench trial is set to begin in 63 days (October 2, 2023) against Kelham Vineyards and Susanna Kelham. The only questions to be resolved in that trial are whether the parties complied with the Court's writ of mandate issued on November 4, 2022 and whether Ronald Nicholsen can recover his attorneys fees and costs in attempting to enforce his statutory rights.

## II. THE PARTIES

Purported creditor Main Street Cottage, LLC ("Main Street LLC") is a California limited liability company. Debtor Kelham Vineyards & Winery LLC ("Kelham Vineyards" or "Debtor") is a California limited liability company. The members of the parties are as follows:

| Main Street Cottage LLC | Debtor Kelham Vineyards & Winery LLC |
|---|---|
| Hamilton Nicholsen | Hamilton Nicholsen (Respondent) |
| Susanna Kelham (Respondent) | Susanna Kelham (Respondent) |
|  | Ronald Nicholsen (Petitioner) |

3 [Assigned to: Judge William Lafferty]

Hamilton Nicholsen and Ronald Nicholsen are brothers and sons of Susanna Kelham. Hamilton Nicholsen and Susanna Kelham, as well as their affiliate company (and petitioning creditor) Main Street LLC, are "insiders" of the Debtor as expressly described in 11 U.S.C. § 101 (31)(B) (i-vi) & E. Ronald Nicholsen files this motion to lift the stay as to Kelham Vineyards to protect his rights to books and records, as reflected in an issued Writ of Mandate, and enforce the California court's orders regarding access to information, including a California court mandated deposition.

### III.   JURISDICTION

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157(b)(2)(G) & (O). The Bankruptcy Court has authority to grant relief from the automatic stay "[o]n request of a party in interest" pursuant to 11 U.S.C. § 362(d)(1). The term "party in interest" is not defined in the Bankruptcy Code. Status as "a party in interest" under § 362(d) "must be determined on a case-by-case basis, with reference to the interest asserted and how [that] interest is affected by the automatic stay." In re Woodberry, 383 B.R. 373, 378 (Bankr.D.S.C.2008) (internal quotation marks and citation omitted). Ronald Nicholsen is an interested party under Section 362(d) based on, *inter alia*, his status as a member of Kelham Vineyards.

### IV.   FACTUAL BACKGROUND

Ronald Nicholsen founded Kelham Vineyards in 1999 at 360 Zinfandel Lane, St. Helena, California, as a winery and tasting room on 6.7 acres in prime California wine country. Susanna Kelham and Hamilton Nicholsen subsequently joined the company and collectively the three owned, operated, and managed Kelham Vineyards until Susanna Kelham abruptly pushed Ronald Nicholsen from the business and banned him from the property in May 2021. Since that time, Hamilton Nicholsen and Susanna Kelham have had exclusive control of Kelham Vineyards and its operations – over Ronald Nicholsen's objections.

As a member of Kelham Vineyards, Ronald Nicholsen has a statutory right under California law to inspect the company's books and records. See Cal. Corp. Code, §17704.10 (a).[1] Immediately after

---

[1] "Upon the request of a member or transferee, for purposes reasonably related to the interest of that person as a member or a transferee, a manager or, if the limited liability company is member-managed, a member in possession of the requested information, shall promptly deliver, in Writing, to the member or transferee, at the expense of the limited liability company, a copy of the information required to be maintained by paragraphs (1), (2), and (4) of subdivision (d) of Section 17701.13, and any Written operating agreement of the limited liability company."

being forced out of the company he founded, Ronald Nicholsen invoked his statutory right to inspect the company's records on June 1, 2021.

### A. Ronald Nicholsen's Petition for Writ of Mandate

Ronald Nicholsen made the initial request to inspect Kelham Vineyards books and records on June 1, 2021. After months of obfuscation and delay by Debtor Kelham Vineyards and Susanna Kelham, on October 4, 2022, Ronald Nicholsen filed a verified petition (the "Petition") pursuant to California Code of Civil Procedure §1085 for a Writ of mandate compelling Kelham Vineyards and Susanna Kelham (the "respondents") to comply with their obligations under California Corporations Code §§ 17704.10 and 17701.13, *et seq.*, to permit him to inspect the company's books and records in California Superior Court, County of Napa. Declaration of Harold Davis ("Decl. Davis"), ¶ 2, Exhibit 1.

Despite quickly serving Kelham Vineyards, Susanna Kelham, a member of both debtor Kelham Vineyards and petitioning creditor Main Street LLC, evaded five separate attempts to personally serve her the Petition. Eventually, on November 15, 2021, counsel for Kelham Vineyards accepted service of the Petition on Susanna Kelham's behalf. Decl. Davis, ¶ 3, Exhibit 2 and Exhibit 3. On January 26, 2022, Kelham Vineyards filed a response to the Petition. Susanna Kelham did not personally respond to the Petition.

### B. The California state court granted a Writ of Mandate compelling Kelham Vineyards' and Susanna Kelham's Compliance with the California Corporation Code

Unfortunately, the filing of the Petition did not secure respondents Kelham Vineyards and Susanna Kelham's compliance. On September 27, 2022, Ronald Nicholsen filed an opening brief on the merits for a Writ of mandate. Neither respondent bothered filing an opposition. On November 4, 2022, the California state court heard arguments from Ronald Nicholsen and Kelham Vineyards regarding the merits of Ronald Nicholsen's Petition. Thereafter, the California state court granted Ronald Nicholsen's Petition for Writ and compelled Kelham Vineyards and Susanna Kelham to provide him its books and records, which included, but was not limited to, 19 categories of records enumerated therein ("Writ"). Decl. Davis, ¶ 4, Exhibit 4.

Pursuant to the Writ, on December 4, 2022, the parties appeared at the winery for Ronald Nicholsen to inspect the Debtor's books and records. The only records presented were hard copy

documents provided in such a haphazard manner that Ronald Nicholsen was forced hire a vendor to scan the records to determine if respondents complied with the Writ. Respondents Kelham Vineyards and Susanna Kelham denied Ronald Nicholsen's repeated requests to permit the vendor to scan the records off-site for a considerably discounted price. Decl. Davis, ¶ 5.

Over the following two weeks, Kelham Vineyards provided inconsistent representations regarding whether 29 banker boxes contained any records responsive to the Writ. By December 20, 2022, the vendor had scanned 1/3 of the records, costing Ronald Nicholsen more than $24,000; but without any confirmation from Kelham Vineyards the relevancy of the thousands of other pages, Ronald Nicholsen was forced to call off the scanning efforts. Ronald Nicholsen still does not know the content of those 29 banker boxes. And he has received scant electronic documents.

### C. The California state court orders Susanna Kelham to pay sanctions and fees for respondents' failure to comply with the Writ and on-going violations of California law

Respondents Kelham Vineyards and Susanna Kelham were required to make an initial return of the Writ by December 15, 2021. Neither bothered, and both continued withholding records from Ronald Nicholsen.

On January 25, 2023, during a regularly scheduled case management conference, Ronald Nicholsen informed the California state court of the respondents' on-going non-compliance. In response, the state court told respondents that it was not "rocket science" and *sua sponte* set a hearing to show cause why they should not be sanctioned for failing to comply with the Writ. Decl. Davis, ¶ 6.

By the date of the hearing on the order to show cause, on February 15, 2023, Kelham Vineyards and Susanna Kelham had neither returned the Writ, produced any additional records, nor made another other effort to comply with the Writ. Ronald Nicholsen requested that the state court hold Susanna Kelham personally liable on behalf of both respondents because she is the managing member of Kelham Vineyards, and any order against Kelham Vineyards would hurt Ronald Nicholsen's pecuniary interest in the Company. The California state court sanctioned Susanna Kelham $1,500, personally, for her and Kelham Vineyards' failure to comply with its Writ.[2] Decl. Davis, ¶ 7, Ex. 5. As part of its order, the state court also determined that Kelham Vineyards' and Susanna Kelham's refusal to comply with its Writ and

---
[2] The law firm representing Kelham Vineyards in the state action paid this sanction on her behalf.

the Corporations Code, as of March 2, 2023, was without justification pursuant to Cal. Corp. Code §17704.10 (g). Id. The court set a further order to show cause as to why they still had not returned the Writ and sanctions should not issue. Id.

The second hearing for an order to show cause for why sanctions should not issue was held on March 13, 2023. Days before that hearing, Kelham Vineyards finally made an initial return of the Writ, which was woefully deficient. Decl. Davis, ¶ 8. Susanna Kelham did not return the Writ by the hearing. Decl. Davis, ¶ 9, Ex. 6. At the conclusion of that hearing, the California state court set another hearing on April 17, 2023, for third order to show cause to Susanna Kelham for her failure to appear, and to rule Ronald Nicholsen's petition for attorney's fees.

Thereafter, Susanna Kelham appeared through new counsel in the action and made an initial return of the Writ whereby she made the baseless claim that she complied with the Writ. As of today's date, Kelham Vineyards has refused to provide any of the company's emails, Susann Kelham has refused to produce emails sent on her personal email account regarding the company and responsive to the Writ, records regarding purported debts with related entity Kelham Vineyards Growers, LLC, and numerous other categories of records required by the Writ. Decl. Davis, ¶ 10.

On May 10, 2023, the state court awarded Ronald Nicholsen $134,679.40 as a partial reimbursement for his expenses, including attorney's fees, up to March 9, 2023, against Susanna Kelham, personally, due to her and Kelham Vineyards' failure to comply with the Writ and Corporations Code. Decl. Davis, ¶ 11, Ex, 7.

**D.   The California state court set a trial to commence in 63 days**

By the May 10, 2023 order, the state court ruled that there were questions of fact regarding Kelham Vineyards' and Susanna Kelham's compliance with the Writ (and the Corporations Code) necessitating an evidentiary hearing. On May 18, 2023, the state court set 1-2 day trial to commence in 63 days, on October 2, 2023. Decl. Davis, ¶ 29, Ex. 18 (docket of the state action).

        1.       <u>Discovery in the state action regarding the Purported Debt to Main Street LLC</u>

Although the Involuntary Petition does not mention the property for which rent is allegedly due, Ronald Nicholsen is informed and understands that the only property Kelham Vineyards purports to rent from Main Street LLC is a home located at 1760 Main Street in St. Helena, California ("1760 Main

Street").

In anticipation of the trial in the Writ action, Ronald Nicholsen deposed Susanna Kelham on April 27, 2023. Susanna Kelham testified that she purchased 1760 Main Street and Kelham Vineyards pays $5,250 in rent for use of the property as an incentive for winery club members to stay at the house in exchange for purchasing wine. Decl. Davis, ¶ 12, Ex. 8, [Tr. 204:12-205:1]. She further testified that she did not know whether Kelham Vineyards had made all payments due to Main Street LLC, the now purported owner of 1760 Main Street. *Id*. [Tr. 310:7-22]. She also testified that Melanie Drescher, the bookkeeper for **both** Kelham Vineyards and Main Street LLC, would know whether Kelham Vineyards owed any amounts for unpaid rent to Main Street LLC. *Id*.

At her deposition on May 18, 2023, Melanie Drescher confirmed she was the bookkeeper for **both** Kelham Vineyards and Main Street LLC. She testified in her personal capacity and on behalf of Kelham Vineyards regarding topics: "7. The assets and liabilities of Kelham Vineyards…" and "11. All real properties for which Kelham Vineyards pays mortgage, rental or use payments and/or property taxes and any associated mortgage or lease agreements whether Written or oral." Decl. Davis, ¶13. Ms. Drescher testified that she believed Kelham Vineyards had paid all rent due to Main Street LLC, but she needed to check. Dec. Davis, ¶ 13, Ex. 9 [Tr. 81:22-23].

2. Hamilton Nicholsen's Deposition

In anticipation of the trial in the California state court, Ronald Nicholsen served notices of deposition of Kelham Vineyards and Hamilton Nicholsen. On January 20, 2023, Ronald Nicholsen served a deposition subpoena on Hamilton Nicholsen. Decl. Davis, ¶ 14, Ex. 10. Ronald Nicholsen served amended deposition subpoenas on Hamilton Nicholsen on January 30, 2023, February 13, 2023, and March 15, 2023. Decl. Davis, ¶ 15, Ex. 11. Thereafter, on March 28, 2023, Hamilton Nicholsen's personal counsel informed Ronald Nicholsen that he would not appear for his deposition on March 31, 2023. Decl. Davis, ¶ 16, Ex. 12.

Hamilton Nicholsen's counsel also objected to the subpoenas because Hamilton Nicholsen allegedly experienced a medical emergency and he was unable to be deposed until the foreseeable future. *Id*. Despite any health concerns, Hamilton Nicholsen attended all the other depositions in the California state action - each lasting more than 6 hours - without issue starting on April 27, 2023. Decl. Davis, ¶ 17.

Hamilton Nicholsen is the last fact-witness Ronald Nicholsen anticipates deposing in anticipation of the trial in the state action. Decl. Davis, ¶ 18. After months of refusing to produce Hamilton Nicholsen to testify, on May 31, 2023, Ronald Nicholsen was forced to file a motion to compel, among other things, Hamilton Nicholsen's deposition both as a person designated most knowledgeable by Kelham Vineyards and in his personal capacity pursuant to four duly served deposition subpoenas. Decl. Davis, ¶ 19.

In its opposition to that motion, Kelham Vineyards designated Hamilton Nicholsen to testify as its person most knowledgeable regarding nine topics of inquiry. Decl. Davis, ¶ 20, Ex. 13, p. 2. On June 29, 2023, the California state court granted Ronald Nicholsen's motion to compel and ordered the parties to "meet and confer in good faith to schedule a mutually convenient date and time within the next four weeks for [Hamilton Nicholsen's] deposition." Decl. Davis, ¶ 21, Ex. 14.

Thereafter, the parties agreed that Hamilton Nicholsen's deposition—as the person most knowledgeable and in his personal capacity pursuant to the deposition subpoenas—would proceed on Monday, July 24, 2023. Decl. Davis, ¶ 22.

### E. The California state action is not stayed as to Susanna Kelham

On July 20, 2023, the parties appeared in California state court for a further case management conference. Decl. Davis, ¶ 23. Moments after the conference concluded, and without informing the court of the prepared filing, at 9:02:53 a.m. Hamilton Nicholsen – on behalf of Main Street LLC – filed Official Form 205 – Involuntary Petition against a Non-Individual, debtor Kelham Vineyards. Decl. Davis, ¶ 24, Ex. 15.

At 5:42 p.m. on July 20, 2020, Main Street LLC's counsel in this involuntary case transmitted a letter regarding the "automatic stay" arising from the filing of the Chapter 11 Petition. Decl. Davis, ¶ 25. On July 21, 2023, at 12:49 p.m., Kelham Vineyards filed a Notice to Stay Proceedings in the Superior Court. Decl. Davis, ¶ 23.

On July 21, 2023, at 3:01 p.m., Hamilton Nicholsen's personal counsel informed Ronald Nicholsen that he would not appear for his deposition in his personal capacity due to the automatic stay of the Writ Action, even though he was subpoenaed to appear in his personal capacity in the state court action against Susanna Kelham. Decl. Davis, ¶ 26, Ex. 16.

9 [Assigned to: Judge William Lafferty]
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PARTY IN INTEREST'S MOTION TO LIFT THE
ACTIVE 689142159v1

On July 26, 2023, counsel for Kelham Vineyards contacted the clerk of the California state court and requested that all the dates and proceedings in the writ action be taken off calendar because he believed the entire case was stayed. Decl. Davis, ¶ 28. On July 27, 2023, the clerk responded and denied the request because, as the clerk correctly noted, Ronald Nicholsen's writ action is against Susanna Kelham and that case is active. Decl. Davis, ¶ 28, Exhibit 17.

## V. LEGAL AUTHORITY

Section 362(d)(1) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... (1) for cause...." 11 U.S.C. § 362(d)(1). What constitutes "cause" for granting relief from automatic stay is decided on a case-by-case basis. 11 U.S.C. §362(d)(1).

"To obtain relief from the automatic stay, the party seeking relief must first establish a prima facie case that 'cause' exists for relief under § 362(d)(1)." In re Plumberex Specialty Products, Inc., 311 B.R. 551, 557 (Bankr. C.D. Cal. 2004) (footnote omitted). "Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted." Id. "A prima facie case requires the movant to establish 'a factual and legal right to the relief that it seeks." Id. at 557, n. 11 (citing In re Elmira Litho, Inc., 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994)). "The decision whether to grant or deny stay relief is within the broad discretion of the bankruptcy court." Id. at 558; In re Kronemyer, 405 B.R. 915, 919 (9th Cir. 2009) ("The decision of a bankruptcy court to grant relief from the automatic stay under § 362(d) is reviewed for abuse of discretion.").

"Among factors appropriate to consider in determining whether relief from the automatic stay should be granted to allow state court proceedings to continue are considerations of judicial economy and the expertise of the state court, as well as prejudice to the parties and whether exclusively bankruptcy issues are involved." In re Kronemyer, 405 B.R. at 921 (citations omitted) (citing MacDonald v. MacDonald (In re MacDonald), 755 F.2d 715, 717 (9th Cir. 1985) and Ozai v. Tabuena (In re Ozai), 34 B.R. 764, 766 (9th Cir. BAP 1983)).

There are also 12 non-exclusive factors articulated In re Curtis, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984), known as the *Curtis* factors, that courts weigh to determine whether "cause" exists to grant relief to allow an entity to continue pending litigation against a debtor in a non-bankruptcy forum. In re Kronemyer, 405 B.R. at 921.

1. Whether the relief will result in a partial or complete resolution of the issues;

2. The lack of any connection with or interference with the bankruptcy case;

3. Whether the foreign proceeding involves the debtor as a fiduciary;

4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and

12. The impact of the stay on the parties and the "balance of hurt."

In re Plumberex, 311 B.R. at 559 (citing In re Curtis, 40 B.R. 795 (Bankr. D. Utah 1984)). Not all the factors will be relevant, and some will carry more weight than others. Id. at 560. As shown below, many of the factors demonstrate that cause exists to grant relief and lift the stay to allow Ronald Nicholsen's Writ action to proceed in the California state court against Kelham Vineyards.

**A.  Relief from the Stay will allow the California state court to proceed to final judgment and conserve judicial economy.**

Many of the factors are present here and strongly support severing the Writ action from the bankruptcy case. See In re Plumberex, 311 B.R. at 556–57 ("Courts in the Ninth Circuit have granted relief from the stay under § 362(d)(1) when necessary to permit pending litigation to be concluded in another forum if the non-bankruptcy suit involves multiple parties or is ready for trial."). In re Kronemyer, 405 B.R. at 921 ("[S]tay should be granted to allow state court proceedings to continue are considerations of judicial economy and the expertise of the state court, as well as prejudice to the parties and whether exclusively bankruptcy issues are involved."); see also In American Spectrum Realty, Inc.,

540 B.R. 730, 739 (Bankr.C.D.Cal.2015) ("All of the causes of action in the Texas Action arise under state law. The Texas court is best suited to adjudicate these causes of action. This Court has independently reviewed the docket in the Texas Action which reflects extensive pleadings, decisions, and dispositions by the Texas state court which could include interpretations of the Agreed Temporary Injunction Order and whether disbursements made under that order were appropriate. As a result, there is a risk of inconsistent determinations between the two court systems.").

Ronald Nicholsen's Writ action has been pending in state court since October 4, 2021. The California state court has already ruled on the merits of his claim and issued a Writ of mandate. The Writ action is not stayed as to respondent Susanna Kelham and it will proceed to trial in 63 days – with or without Kelham Vineyards. Accordingly, the **tenth *Curtis* factor** (the interests of judicial economy and the expeditious and economical determination of litigation for the parties) is met here. "While it is true that one purpose of bankruptcy is to avoid piecemeal litigation and enable the bankruptcy court to decide in one forum various related proceedings, forcing the parties to start anew in this Bankruptcy Court would result in a duplication of efforts and would be a waste of judicial resources." In re Korean Western Presbyterian Church of Los Angeles, 618 B.R. 282, 290 (Bankr.C.D.Cal. 2020). It would be highly inefficient and a significant waste of judicial resources to start the Writ petition against Kelham Vineyards anew. The only issues that remain in the California state action is whether respondents Kelham Vineyards and Susanna Kelham complied with the Writ, and if not, whether their failure to comply was with justification pursuant to Cal. Corp. Code § 17704.10 (g).

The resolution of these questions has no connection with and will not interfere with the bankruptcy case so the **second *Curtis* factor** (the lack of any connection with or interference with the bankruptcy case) is also satisfied. Respondents in the state action have never served discovery and the deposition of Hamilton Nicholsen is the last deposition Ronald Nicholsen intends to take.[3] Conversely, the initial status conference in this bankruptcy case is scheduled for September 20, 2023, which is less than two weeks before the 1–2-day trial is set to begin. [Dkt. 3]. Moreover, the pending trial will

---

[3] Subject to resolution of the parties' current dispute regarding Susanna Kelham's refusal to answer deposition questions and errata containing 29 substantive changes to her testimony, which resolution may require Susanna Kelham and Melanie Drescher to provide supplemental deposition testimony.

completely resolve the issues arising from the Writ action so the **first *Curtis* factor** (whether the relief will result in a partial or complete resolution of the issues) is also met.

These questions pending in the state action involve the state court's interpretation of California law and its own Writ of Mandate. Thus, the **fourth *Curtis* factor** (whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases) is also present. While a special tribunal has not been empaneled, the state court is experienced at adjudicating Writ of Mandate actions regarding state laws. In this case, the state court made numerous decisions regarding its interpretation of the California Corporations code, the Writ it issued, and whether respondents complied with its terms.

Whether Kelham Vineyards and Susanna Kelham complied with the Writ is the subject of the forthcoming trial set to begin in 63 days, on October 2, 2023, so the **eleventh *Curtis* factor** (whether the foreign proceedings have progressed to the point where the parties are prepared for trial) is met.

Conversely, a stay of the state action would be highly prejudicial to Ronald Nicholsen, and therefore the **twelfth Curtis factor** (the impact of the stay on the parties and the "balance of hurt") tips in favor of granting relief from stay. Ronald Nicholsen has expended significant legal fees over the past two years to enforce his statutory right to inspect Kelham Vineyards' books and records in the state action and to depose Hamilton Nicholsen. Ronald Nicholson should not be forced to start over and allowing him proceed in the Writ action where it is almost completed will provide negligible, if any, prejudice to the Debtor.

**B. The Other *Curtis* Factors Support Lifting the Stay**

Because the Debtor is not an individual and not entitled to claim exemptions, the Writ action would not result in a judicial lien avoidable by the Debtor under 11 U.S.C. Section 522(f) and the **ninth *Curtis* factor** (whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f)) weighs in favor of granting this Motion.

Finally, the interests of Main Street LLC – or other creditors – will not be prejudiced if the stay is lifted. Ronald Nicholson seeks to complete his attempt to enforce of the Writ which is close to trial. While allowing the litigation concerning the Writ may result in a monetary judgment being entered

against the Debtor, by this Motion Ronald Nicholson is not seeking relief from the automatic stay to enforce or collect any such judgment against the Debtor. Rather, the enforcement of any such judgment (absent further relief granted by this Court) would be in this bankruptcy case. Therefore, the **seventh** *Curtis* **factor** (whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties) favors lifting the stay.

## VI. CONCLUSION

For the foregoing reasons, Ronald Nicholsen respectfully requests an order lifting the automatic stay as it pertains to the California writ action so that it may proceed to trial as scheduled. In the alternative, Ronald Nicholsen respectfully requests an order lifting the stay to permit him to conclude his Writ action against Kelham Vineyards.

Dated: July 31, 2023

GREENBERG TAURIG, LLP

By: /s/ *Harold H. Davis*
Harold H. Davis
Marc R. Baluda

Attorneys for Petitioner
RONALD NICHOLSEN II