# Exhibit 1 - Writ Action

Harold H. Davis (SBN 235552)
Marc R. Baluda (SBN 192516)
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010
E-mail: davish@gtlaw.com

Attorneys for Petitioner RONALD NICHOLSEN II

**ENDORSED**

OCT. 0 4 2021

Clerk of the Napa Superior Court
By: L. WALKER
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF NAPA

RONALD NICHOLSEN II,

Petitioner,

v.

KELHAM VINEYARDS & WINERY LLC,
AND SUSANNA ROGERS KELHAM,

Respondents.

Case No. 21CV001403

**VERIFIED PETITION FOR WRIT OF MANDATE TO ENFORCE MEMBER'S RIGHT TO OBTAIN, INSPECT, AND COPY CERTAIN RECORDS OF A LIMITED LIABILITY COMPANY PER CORPORATIONS CODE § 17704.10**

# PETITION

Per California Code of Civil Procedure § 1085, California Corporations Code §§ 17704.10, and 17701.13 *et seq.* and California Rules of Court Rule 8.932, Petitioner, in his capacity as a member of Kelham Vineyards & Winery LLC ("Kelham Vineyards") respectfully moves this Court for a Writ of Mandate directed to Respondents. By this Verified Petition, Petitioner alleges:

# INTRODUCTION

1. This Petition is brought to obtain corporate records that Petitioner is clearly entitled to, but for which Respondents unlawfully refuse to provide.

2. Specifically, Petitioner has lawfully requested that Respondents provide to him copies of and/or allow inspection of:

   a. Kelham Vineyards' state tax returns for the past six years per Cal. Corp. Code § 17701.13(4);

   b. Kelham Vineyards' federal tax return for year 2020 per Cal. Corp. Code § 17701.13(4);

   c. The complete Operating Agreement executed by all three members of Kelham Vineyards per Cal. Corp. Code § 17701.13(5); and

   d. Kelham Vineyards' "books and records … as they relate to the internal affairs of the limited liability for at least the current and past four fiscal years" per Cal. Corp. Code § 17701.13(7)

Collectively, Petitioner refers to these materials as "KELHAM CORPORATE RECORDS".

3. Despite requesting the KELHAM CORPORATE RECORDS, and having a clear right to these documents per California Corporations Code § 17704.10(1), Respondents have failed, without justification, to turn over these records. Petitioner does not otherwise have access to these documents. Consequently, an order compelling Respondents to produce these records is necessary.

# BACKGROUND

4. This dispute arises from a family's internecine conflict over Kelham Vineyards and its assets. Respondent Susanna Rogers Kelham ("S. Kelham") seeks to conceal company records from

1

Petitioner for S. Kelham's pecuniary gain and at Petitioner's expense and in an effort to unwind Kelham Vineyards in a way that would result in an illegitimate windfall to the Respondents.

5. Petitioner is the founder and co-owner of Kelham Vineyards.

6. Respondents are Petitioner's mother, S. Kelham, and the limited liability company in which they are all members, Kelham Vineyards.

7. Petitioner and Respondent S. Kelham are equal owners and members of Kelham Vineyards.

8. At the end of May 2021, S. Kelham, unexpectedly informed Petitioner that it was "time to sever our business relationship, and to start the process of negotiating a settlement for your exit from Kelham Vineyards and Winery LLC."

9. Immediately thereafter, Petitioner demanded Respondents allow him to inspect or transmit to him records pursuant to California Corporations Code §§ 17704.10 and 17701.13. Petitioner's demand for the records was related to his interest as a member of the company because those records will permit Petitioner to evaluate whether Respondent S. Kelham could unilaterally sever his ownership in the company, to discover the Company's assets and liabilities in light of the other members' decision to have Kelham Vineyards appraised to "buy him out", the corresponding value of his membership interest, and to evaluate the propriety of manager compensation and distributions, among other interests.

10. There is no dispute that Petitioner is entitled to inspect or received these records pursuant to California Corporations Code §§ 17704.10 and 17701.13. Respondents have never claimed otherwise. Regardless, Respondents have denied and deprived Petitioner of his right to access, inspect or receive copies of the records, without any justification, for months.

11. Respondents have also engaged in systematic retaliation against Petitioner presumptively in the hopes that he will abandon his request for the corporate records and his company.

Petitioner will not be doing either. Respondents' apparent efforts to purloin Petitioner's winery from him only serve to heighten the urgency and importance of his demand for the records.

12. Petitioner has been diligent and made repeated efforts to obtain these records from Respondents in hopes of avoiding litigation. These efforts have spanned months, and include, without limitation, engaging a lawyer, transmitting numerous written letters requesting the KELHAM CORPORATE RECORDS, and requesting the records from Kelham Vineyards' current and former CPAs and Hamilton Nicholson's attorney. Hamilton Nicholsen is Petitioner's brother and a co-equal member of Kelham Vineyards.

13. Petitioner has no adequate or speedy remedy at law to obtain the records to which he is statutorily entitled to receive from Respondents. This Court should issue a writ mandating Respondents to forthwith deliver to Petitioner the documents requested in ¶2. Because Respondents failure to provide these documents is without justification, Petitioner also respectfully requests this Court for an award of costs and attorneys' fees per Cal. Corp. Code § 17704.10(g) that Petitioner incurred in bringing this writ of mandate and any other relief the Court may deem proper.

### The Parties

14. Petitioner Ronald Nicholsen II is an individual residing in Napa County, California (hereinafter "Petitioner"). At all relevant times, Petitioner was and is a member of Kelham Vineyard, owning a 33% interest in the Company. Petitioner is also an owner of the real property at 360 Zinfandel Lane, where respondent Kelham Vineyard has its principal place of business.

15. Respondent Kelham Vineyards & Winery, LLC is a California limited liability corporation organized under the California Revised Uniform Limited Liability Company Act, Corporations Code, §17701.01, *et seq.* with its principal place of business located at 360 Zinfandel Lane, St. Helena, California ("Kelham Vineyards" or "Company"). The Company does business as Kelham Vineyards, which owns and operates a winery, tasting room, and showroom in St. Helena.

Kelham Vineyards manages 10.9 acres included planted vineyards and winery with capacity of 75-thousand gallon annual wine production.

16. Respondent Susanna Rogers Kelham is an individual residing in Napa County, California. At all relevant times, Respondent S. Kelham is a member of and the member-manager of Kelham Vineyards.

17. Hamilton Nicholsen is an individual residing in Napa County, California is also a member of Kelham Vineyards.

18. Petitioner, Respondent S. Kelham, and Hamilton Nicholsen are the equal owners of Kelham Vineyards with each owning a 33% in the Company. Petitioner and Respondents are also family members. Respondent S. Kelham is Petitioner and Hamilton Nicholsen's mother and Petitioner is Respondent Hamilton Nicholsen's older brother.

19. Upon information and belief, Kelham Vineyards may also have an ownership interest in an approximately eighty acre parcel in the Oakville Appellation in the premier Cabernet Sauvignon growing region ("Oakville Vineyards"). Kelham Vineyards sells grapes from Oakville Vineyards to Napa's most esteemed so-called "cult" wineries. Information regarding Oakville Vineyards, Kelham Vineyards, and the Kelham Family are published on a single website which represents that Oakville Vineyards and Kelham Vineyards are affiliated and one company. Petitioner is unaware of the members or owners of Oakville Vineyards or the identity of the owners of the land, but Petitioner understands and believes Kelham Vineyards may have comingled assets, funds, and liabilities or that capital improvements on Oakville Vineyards were paid for by Kelham Vineyards. Petitioner, accordingly, may have an interest in Oakville Vineyards.

### Jurisdiction and Venue

20. This Court has jurisdiction over this matter pursuant to the common law and California Corporations Code section 17704.10 (f), which provides:

4

VERIFIED PETITION FOR WRIT OF MANDATE

> In addition to the remedies provided in Sections 17713.06 and 17713.07 and any other remedies, a court of competent jurisdiction may enforce the duty of making and mailing or delivering the information and financial statements required by this section and, for good cause shown, extend the time therefor.

21. Jurisdiction is proper in this venue because Respondent Kelham Vineyards maintains its principal place of business in Napa County, and the corporate books and records that are the subject of this Petition are presumptively in this County. Jurisdiction is proper because Respondent is a resident of Napa County. Jurisdiction is further proper in this county pursuant to California Code of Civil Procedure §§ 1085 and 1086 because Petitioner has no alternative plain, speedy and adequate remedy in the ordinary course of the law.

22. Venue is proper in this County pursuant to California Code of Civil Procedure §§ 395(a) and 395.5 because Respondent Kelham Vineyards has its principal place of business in Napa County. Venue is further proper because Respondent S. Kelham is a resident of Napa County.

## General Allegations

23. Petitioner is a member of Kelham Vineyards. He desires to obtain statutorily delineated documents and to review, inspect and copy the books and records of the Company for reasons reasonably related to his interests as a member of Kelham Vineyards, including, without limitation, to evaluate the current value of the Company and its assets, the Company's assets and liabilities, and the corresponding value of his membership interest; to evaluate the propriety of Respondents efforts to "buy him out"; to evaluate the priority of manager compensation and distributions; and to evaluate whether the Company is being managed in a manner consistent with its purposes and in the interests of the members. Petitioner is entitled to such an inspection per California Corporations Code §§ 17704.10 and 17701.13.

24. Under Cal. Corp. Code § 17704.10(a), upon request by a member, "for purposes reasonably related to the interest of that person as a member," a manager of a limited liability company

"shall promptly deliver, in writing, to the member… a copy of the information required to be maintained under paragraphs (1), (2), and (4) of subdivision (d) of Section 17701.13, and any written operating agreement of the limited liability company." Additionally, under Cal. Corp. Code § 17704.10(b)(1), a member of a limited liability company may, "for purposes reasonably related to the interest of that person as a member . . . (1) inspect and copy during normal business hours any of the records to be maintained pursuant to Section 17701.13."

### The Creation and Management of Kelham Vineyards

25. With the financial and moral support of his late step-father, Rawson Kelham, Petitioner founded Kelham Vineyards in 1997. Petitioner and Mr. Kelham envisioned that the winery would exist for generations as a family business with the responsibility first to the generation running the winery as partners and second to maintain the business so that each successive generation would share in the opportunity to grow, produce, and sell Kelham Vineyards' Wine.

26. For six days a week for the past twenty-four years, Petitioner has been the winemaker, vineyard manager, winery tour guide, and operations manager for Kelham Vineyards. He also managed the Oakville Vineyards that Petitioner believes may be owned, operated, or part of Kelham Vineyards. If Petitioner was not at the winery or in the vineyards, he was hosting winemaker dinners all over the United States on behalf of Kelham Vineyards. Petitioner consistently outperformed the other members and employees of Kelham Vineyards in terms of his sheer volume of sales and sweat equity poured into the winery he founded.

27. Petitioner also maintained his and Mr. Kelham's vision that Kelham Vineyards be owned and operated as a family business.

28. While Petitioner has focused his energy almost exclusively on the winemaking, sales, and growth of the Winery, Petitioner understands and believes that Respondent S. Kelham exclusively controls the books, records, and finances of the Company. At all times relevant, Petitioner has not had

6

VERIFIED PETITION FOR WRIT OF MANDATE

Case: 23-01009  Doc# 3  Filed: 09/11/23  Entered: 09/11/23 07:50:23  Page 8 of 17

access to the Company's books and records, bank accounts, contracts, or other records regarding the operations of Kelham Vineyards.

### Respondent S. Kelham Informs Petitioner of her Shocking Decision to "Buy Him Out" of the Winery he founded

29. On May 24, 2021, Respondent S. Kelham unexpectedly informed Petitioner that it was "time to sever our business relationship, and to start the process of negotiating a settlement for your exit from Kelham Vineyards and Winery LLC. As a reminder, you own a 33% interest in Kelham Vineyards and Winery LLC. I am in the process of having Kelham Vineyard and Winery LLC appraised. Once that value is determined, we can negotiate the terms of your exit…. I believe it is time to move in our separate directions and I hope you will agree to a reasonable settlement for your exit."

30. Petitioner's interest as a member of Kelham Vineyards is squarely at issue by Respondent's claim of appraising the Company with the intent to buy him out and to sever his membership interest in Kelham Vineyard.

31. But this was not the first of Respondent S. Kelham's questionable decisions involving his membership interests in the prior months. In October 2020, Respondent S. Kelham informed Petitioner that his monthly "membership distributions" were being reduced by the amount of his and his family's health insurance because Kelham Vineyards was unable to secure "any help from the Federal or State Government." Petitioner recently discovered that was false because the Company received $103,452 from the Federal Government's Paycheck Protection Program. Nevertheless, Respondent S. Kelham did not reset his membership distributions to their previous levels; thus causing tremendous financial hardship to Petitioner and his family.

32. Upon information and belief, Petitioner understands that Kelham Vineyards only very recently filed its 2020 federal or state returns. The members of Kelham Vineyards are taxed as a partnership, so Petitioner cannot file his taxes until Kelham Vineyards files its taxes. Respondent only provided the schedule K-1 to Petitioner, which is insufficient and does not comply with the

7

Case: 23-01009  Doc# 3  VERIFIED PETITION FOR WRIT Filed: 09/11/23  Entered: 09/11/23 07:50:23  Page 9 of 17

Corporations Code.

33. Moreover, the Company's continued dilatory filing of its taxes causes and will continue to cause Petitioner harm. For tax year 2019, Petitioner only recently received Kelham Vineyard's tax returns and Petitioner was penalized by the IRS because of the delay. Petitioner expects that he will be further penalized by the IRS for the 2020 tax year due to Respondent S. Kelham's inexplicable and inexcusable delay.

34. Upon information and belief, Petitioner understands Respondent S. Kelham is making decisions regarding capital improvements to Kelham Vineyards' property without his consent and with funds from Kelham Vineyards. In 2013, the County of Napa sued Petitioner, Respondent S. Kelham, and Hamilton Nicholsen because of similar conduct. Thus, Petitioner's membership interest in the Company and his interests as an owner of the real property are directly at issue by Respondents' conduct.

### Petitioner Repeatedly Requests KELHAM CORPORATE RECORDS, But Respondents Unjustly Fail to Comply

35. Given the events transpiring over the months preceding the abrupt announcement that Respondent S. Kelham intends to buy Petitioner out of his business and sever their business relationship, on June 1, 2021, Petitioner's attorney transmitted a written demand to receive or inspect and copy seeking fourteen categories of records from Kelham Vineyards, including six categories of records pursuant to Cal. Corp. Code §§ 17704.10 and 17701.13 ("Record Demand Letter") to be delivered to Respondents.

36. On June 4, 2021, Hamilton Nicholsen informed Petitioner's counsel that Petitioner "has access to all the information you demand." Having found the response inadequate and inaccurate, on June 8, 2021, Petitioner's counsel once again demanded the prompt delivery of the records or provide him a date and time to inspect the documents at the Company.

37. On June 10, 2021, Hamilton Nicholsen informed Petitioner's counsel that he could

review any information he would like at the Winery and directed him to schedule a visit with Kelham Vineyard's office manager. The next day, Respondent S. Kelham provided her first response to the Record Demand Letter. Therein she feigned confusion regarding the purpose of Petitioner's demand for the records. No documents were transmitted or forthcoming.

38. On June 30, 2021, Petitioner notified Respondent that he and his attorney intended to appear in person on Thursday, July 1, 2021 at 10:00 a.m. to inspect and copy the records. Later that same day, Respondent S. Kelham informed Petitioner that the records would *not* be available for his inspection at Kelham Vineyards. Instead, she claimed she would send the documents via email. Respondent also provided the contact information for Kelham Vineyards' former and current Certified Public Accountants and directed Petitioner's attorney to obtain the requested information from them.

39. Also attached to the June 30th email were two letters from Respondent S. Kelham detailing her and Hamilton Nicholsen's retaliation against Petitioner for invoking his statutory right to obtain records from the Company. In those letters, Respondents made the spurious claim that Petitioner "resigned" and then informed him that his grossly diluted membership distributions were being further cut.

40. At no time did Petitioner abdicate his ownership in the property, his membership interest in Kelham Vineyard, nor did he "resign" in his role of winemaker, vineyard operator, or his other roles at the Company.

41. Hamilton Nicholsen also informed Petition that "the decision has been made by Kelham Vineyards to sell off a large majority of its current bulk wine inventory" and if Petitioner wished to purchase the wine then he should submit a written offer for the "remaining partners" to consider. The decision to sell of a significant asset of the Company before engaging an appraiser to evaluate and determine the fair market value of the Company certainly regarded Petitioner's

membership interest in Kelham Vineyards. And Petitioner believes it required his approval. He did not consent to the sale, which he believes was nonetheless effectuated over his objection.

42. Because of Respondents' ongoing refusal to provide the records and block Petitioner's access to the records at the Company, Petitioner contacted Kelham's two CPAs to ask for the records. Only one of the CPAs responded that she has not performed any work for Kelham Vineyards in more than six years and she returned all of its records to Respondent S. Kelham years ago. The other CPA did not respond to the numerous emails from Petitioner.

43. On July 11, 2021, Respondent S. Kelham transmitted what appears to be an incomplete and unsigned version of the Kelham Vineyard Operating Agreement. Petitioner contends that there is a version that is executed by all three members and should be produced.

44. On July 16, 2021, Petitioner once again demanded a fully executed version of the Operating Agreement and the remaining set of records. No response was forth coming until August 9, 2021 when Respondent S. Kelham transmitted some of the requested records. She did not transmit each amendment or version of the Operating Agreements or one executed by all three members, its state tax returns for the past six years, its federal tax return for year 2020, and the books and records of the limited liability company as they relate to the internal affairs of the limited liability for at least the current and past four fiscal years. The latter category being the most critical for his interests.

45. Thereafter, on or about August 17, 2021, Petitioner's counsel had a call with an attorney purporting to represent Hamilton Nicholsen regarding the parties deteriorating relationship. During that call, Petitioner's counsel explained that he had been waiting for months to receive the requested documents Respondents, including an executed copy of the Operating Agreement. Shockingly, the attorney stated he was in possession of a fully executed Operating agreement and possibly in possession of amendments to the Operating Agreement, and if permitted to do so, he would send them to Petitioner's counsel. Despite numerous follow-ups, no such documents were received from the

10

VERIFIED PETITION FOR WRIT OF MANDATE

Case: 23-01009    Doc# 3    Filed: 09/11/23    Entered: 09/11/23 07:50:23    Page 12 of 17

attorney and the attorney has never been heard from again.

46. On Sunday, September 12, 2021, Respondent S. Kelham transmitted another set of letters to Petitioner informing him that he was no longer permitted on the premises of Kelham Vineyards (a property he owns) and that he is not to contact Respondent S. Kelham or Hamilton Nicholsen. Having no access to Kelham Vineyards, its books or records, Petitioner is compelled to seek a writ from this Court.

## FIRST CAUSE OF ACTION

### Writ of Mandate Code of Civil Procedure 1085

47. Petitioner incorporates by reference all of the foregoing paragraphs, as though fully set forth herein.

48. California Code of Civil Procedure section 1085 (a) provides:

> A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by that inferior tribunal, corporation, board, or person.

49. A writ of mandate lies to compel a limited liability company, such as Kelham Vineyards, and S. Kelham, a manager of a California Limited Liability Company in possession of the requested information, to perform an official act required by law. In this case, Respondents are in possession of KELHAM CORPORATE RECORDS and thus are required to provide Petition with those records and documents in response to a demand from Petitioner pursuant to Corporations Code sections 17704.10 and 17701.13.

50. California Code of Civil Procedure Section 1086 compels this Court to issue a writ "in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law. It must be issued upon the verified petition of the party beneficially interested." A writ of mandate will

11

Case: 23-01009    Doc# 3    VERIFIED PETITION FOR WRIT    Filed: 09/11/23    Entered: 09/11/23 07:50:23    Page 13 of 17

lie when, as here, there is no plain, speedy, and adequate remedy, when Respondents have a duty to perform, and Petitioner has a clear beneficial right to performance. *Payne v. Superior Court of Los Angeles County* (1976) 17 Cal.3d 908

51. Petitioner has standing to seek this writ because he is a member of the limited liability company and he has beneficial interest with a direct and substantial interest in the documents withheld. Without access to the books and records of Kelham Vineyards to which he is legally entitled, Petitioner is unable to evaluate or know of the assets, liabilities, and internal affairs of the Company. He is, accordingly, unable to determine whether his rights or obligations due to him by his other members have been violated. Likewise, without access to the books and records, Petitioner cannot obtain an independent value of "the partnership as it stands" for determining how and whether Kelham Vineyards should be wound down or whether the appraiser selected by Respondent S. Kelham is in possession of information that would inform it of the full picture of the assets and liabilities of Kelham Vineyards in Respondent S. Kelham's efforts to push him out of the company he founded.

52. Petitioner seeks to enforce his rights as a member of the Company and he respectfully requests the Court issue a writ compelling Respondents to provide to him:

   a. Kelham Vineyards' state tax returns for the past six years;

   b. Kelham Vineyards' federal tax return for year 2020;

   c. The complete Operating Agreement executed by all three members of Kelham Vineyards; and

   d. Kelham Vineyards' "books and records … as they relate to the internal affairs of the limited liability for at least the current and past four fiscal years".

53. Petitioner is informed and believes and thereon alleges that, at all times relevant, Respondents have been able to provide Petitioner with the KELHAM CORPORATE RECORDS, and to permit Petitioner to inspect and copy those and other company documents. Notwithstanding this ability, and despite Petitioner's repeated requests, Respondents have failed and refused to perform their legal duty to comply.

12

Case: 23-01009    Doc# 3    Filed: 09/11/23    Entered: 09/11/23 07:50:23    Page 14 of 17

54. Rather than comply with the California Corporations Code, Respondents obstructed Petitioner's right to access the records and retaliated against him for making the demand. Hamilton Nicholsen instructed Petitioner's attorney that he could access the records at Kelham Vineyard but when Petitioner endeavored to do so, Respondent S. Kelham refused to permit him to do so by denying him access to the records. Then Respondent S. Kelham directed Petitioner to contact Kelham Vineyards' former CPAs to obtain the records, and although he was not required to, Petitioner did so in good faith but to no avail. Petitioner also tried to obtain some of the KELHAM CORPORATE RECORDS from Hamilton Nicholsen's attorney but no records were forthcoming.

55. Further, Respondents have continued an illegitimate retribution campaign in retaliation for Petitioner's demand of the KELHAM CORPORATE RECORDS he is legally entitled to receive. These retaliatory actions include, without limitation, prohibiting Petitioner from entering the premises he owns and claiming he is not allowed to contact his mother or brother, and current co-members of Kelham Vineyards. Respondent S. Kelham and Hamitlon Nicholsen's conduct reflects that absent a writ from this Court, Respondents will not produce to Petitioner the records to which he is legally entitled.

56. Petitioner has no plain, speedy, and adequate remedy in the ordinary course of law, other than the relief sought in this Petition. Petitioners seek timely, current, and sufficiently informative information about the Company and Petitioner's interests.

57. Respondents' failure to comply with their statutory obligations has damaged Petitioner by denying him access to current information about the Company and Petitioner's interests, to which Petitioner is clearly entitled, and which Respondents are legally required to provide. Further, Petitioner has been forced to incur legal expenses in bringing this Petition for which he otherwise would not have incurred.

58. Per Cal. Corp. Code § 17704.10(g), "if the court finds the failure of the limited liability

company to comply with the requirements of this section is without justification, the court may award an amount sufficient" to reasonably reimburse a member for expenses, including attorneys' fees. Respondents have not provided any, let alone "sufficient," justification for their failure to comply, and Petitioner is entitled to an award of costs and attorneys' fees.

**WHEREFORE, Petitioner prays:**

a. That the Court issue a writ of mandate compelling Respondents to forthwith deliver to Petitioner copies of the KELHAM CORPORATE RECORDS;

b. That the Court issue a writ of mandate commanding Respondents to forthwith permit Petitioners to conduct an inspection and copying of the Company's books and records as requested;

c. For an award of costs and attorneys' fees to compensate Petitioner for reasonable expenses incurred in bringing this Petition; and

d. For such other and further relief as the Court may deem proper

Respectfully submitted,
GREENBERG TRAURIG

Dated: October 4, 2021        By:   /s/ Harold Davis
                                    Harold Davis
                                    Marc Baluda

                                    Attorneys for Petitioner
                                    RONALD NICHOLSEN II

## VERIFICATION

I, Ronald Nicholsen II, am the petitioner in this proceeding. I have read the foregoing petition and know its contents. The facts stated therein are true and are within my personal knowledge, except those alleged on information and belief, and as to those I believe true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is correct.

Executed October 4, 2021, at Napa, California.

By: _____  
RONALD NICHOLSEN II   10.04.2021